IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICK FRANKLIN, § | | |
| TDCJ #1345750, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-09-3243 |
| § | | |
| JUDGE HERB RITCHIE, *et al.*, § | | |
| § | | |
| Respondents. § | | |

# MEMORANDUM AND ORDER

The petitioner, Patrick Franklin (TDCJ #1345750), is an inmate in custody of the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Franklin has filed a *pro se* petition for a writ of mandamus against two local officials. Franklin has not paid the filing fee and, therefore, he appears to seek leave to proceed *in forma pauperis*. After reviewing the complaint, the attached exhibits, and the applicable law, the Court concludes that the petition must be **dismissed** for reasons set forth briefly below.

### I.   BACKGROUND

Franklin is presently incarcerated at the Pack Unit in Navasota, Texas, as the result of a felony conviction entered against him in the 337th District Court of Harris County, Texas, in cause number 974028. In that case, a jury found Franklin guilty of theft of property worth over $200,000. After finding that Franklin had at least two prior felony convictions, the same jury sentenced Franklin to serve 48 years of imprisonment. The conviction was

affirmed on direct appeal. *See Franklin v. State*, No. 01-05-00955-CR (Tex. App. — Houston [1st Dist.] Sept. 28, 2006). On February 28, 2007, the Texas Court of Criminal Appeals refused Franklin's petition for discretionary review.

In the pending petition, Franklin requests a writ of mandamus against Judge Herb Ritchie, who presides over the 337th District Court, and Harris County Clerk of Court Loren Jackson. Franklin explains that, at some undisclosed date, he filed a state application for a writ of habeas corpus with the trial court. According to the exhibits, the State of Texas has filed an answer. Because the application lodges allegations of ineffective assistance against Franklin's trial attorney, Judge Ritchie requested an affidavit from counsel for the purpose of evaluating the claims. Franklin complains that Judge Ritchie has not completed his evaluation and that his state habeas proceeding has been unduly delayed.

Franklin contends that Judge Ritchie and Jackson have a "ministerial duty" to process his habeas corpus application in compliance with Article 11.07 of the Texas Code of Criminal Procedure. Franklin notes that, once a habeas corpus application is filed under Article 11.07, the trial court is obligated to transmit the pleadings and associated records to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. *See* TEX. CODE CRIM. PROC. art. 11.07 § 3(c). Franklin seeks a writ of mandamus to compel the respondents to forward his application to the Texas Court of Criminal Appeals. The petition must be denied for reasons set forth below.

## II.    DISCUSSION

2

Notwithstanding any filing fee, or any portion thereof, that may have been paid, a reviewing court shall dismiss such a civil action at any time if the court determines that the action is (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  A district court may dismiss a complaint as frivolous "if it lacks an arguable basis in law or fact."  *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).  A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002).  Under this standard, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true."  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

Here, Franklin requests a federal writ of mandamus, which is governed by 28 U.S.C. § 1361.  This statute provides that district courts shall have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  The respondents identified in the petition is a state or count officials and not an employees or agents of the United States.  This Court has no power to issue federal writs of mandamus to direct state officials in the performance of their duties.  *See Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973).  Accordingly, Franklin's petition for a writ of mandamus must be dismissed because it lacks an arguable basis in law.

3

Alternatively, the petition must be dismissed for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1361.

### III. CONCLUSION AND ORDER

Accordingly, based on the foregoing, the Court **ORDERS** as follows:

1. The petition for a writ of mandamus (Doc. # 1) is **DENIED**.

2. This case is **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim upon which relief can be granted.

The Clerk shall provide a copy of this order to the parties. **The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on October 9th, 2009.

_____
Nancy F. Atlas
United States District Judge